Filed 12/23/24  P. v. Wagner CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100529 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F00229) |
| v. | |
| WILLIE WAGNER, | |
| Defendant and Appellant. | |

In June 1996, a jury found defendant Willie Wagner guilty of first degree murder and two counts of robbery.  In 2023, defendant filed a petition for resentencing under Penal Code section 1172.6.[1]  The trial court denied the petition at the prima facie stage, and defendant appeals from that order of denial.  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People*

---

[1]     Further undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although defendant filed his petition in 2023 referencing former section 1170.95, we cite to the current section 1172.6.

1

*v. Wende* (1979) 25 Cal.3d 436 and asks that we exercise our discretion to review the record for arguable issues on appeal. Defendant filed a supplemental brief arguing: (1) the district attorney filed false charges against him because his identification was the product of an improper lineup and he was factually innocent of the charges; (2) his trial counsel rendered ineffective assistance because he knew about the improper lineup and did not do anything about it; (3) the trial judge exhibited racial bias towards him and refused to dismiss enhancements based on his prior prison terms; and (4) the trial court improperly instructed the jury at his original trial. None of these arguments are cognizable in this appeal. We affirm.

BACKGROUND

The complaint deemed an information charged defendant with murder and two counts of robbery. It alleged a special circumstance that the murder was committed by defendant while he was engaged in the commission of a robbery. It further alleged defendant had two prior serious felony convictions and served two prior prison terms.

We take the facts from our original decision affirming defendant's conviction. (*People v. Wagner* (Mar. 30, 1998, C024362) [nonpub. opn.].)[2] In 1994, defendant entered the Del Paso Boulevard pawnshop of the murder victim (husband) and his wife and placed a gun to the wife's face and ordered her to get on the floor. He also ordered the husband to get on the floor. The husband twice asked the defendant to take only their money and property and not property belonging to their customers. The wife then heard a gunshot.

After defendant left the shop, the wife found her husband had been shot and his wrists were bound with shoelaces. He died shortly thereafter from the gunshot wound.

---

[2]     Our recitation of the facts from our prior appellate opinion is solely for the purpose of efficiently summarizing the background of this case. We do not rely on these facts in resolving the issues raised in this appeal. (§ 1172.6, subd. (d).)

2

The wife reported that cash, a distinctive .45-caliber handgun, and a ring were missing from the pawnshop.

Defendant's fingerprint was found on the security gate at the entrance to the store. When he was apprehended, his shoes lacked shoelaces and the shoelaces used to bind the husband matched defendant's shoes. While defendant was in pretrial custody, he wrote several letters that "generally stated [] a dead man [cannot] talk, that there was no evidence – only hearsay, and defendant works like that."

Defendant's heroin dealer testified against him. The dealer said he loaned defendant a .380-caliber handgun prior to the robbery. The dealer also said defendant told him defendant was casing a pawnshop on Del Paso Boulevard. He also testified defendant had given him a .45-caliber handgun that matched the missing gun. Finally, defendant's wife testified she pawned a ring at this pawnshop with defendant.

In 1996, a jury found defendant guilty of first degree murder and two counts of robbery. The jury also found defendant personally used a firearm in all three crimes. The jury further found true the special circumstance that defendant committed the murder in the course of a robbery. After the jury returned its verdict, defendant admitted he had two prior serious felony convictions and served two prior prison terms. In the penalty phase of the trial, the jury recommended defendant serve a term of life in prison without parole.

The trial court sentenced defendant to life in prison without parole for the murder and a consecutive five years for the robbery. It also sentenced defendant to two five-year terms for the firearm enhancement, two five-year terms for the prior serious felony convictions, and two one-year terms for the prior prison sentences. It sentenced defendant on the second robbery and firearm enhancement but stayed those terms.

On direct appeal, a different panel of this court affirmed his convictions. (*People v. Wagner, supra*, (C024362).)

In 2023, defendant filed a petition for resentencing pursuant to section 1172.6. The People filed a response arguing defendant was not eligible for resentencing and included this court's prior opinion and the jury instructions the court gave at trial. The People argued the jury was not instructed on the natural and probable consequences theory, aiding and abetting, or conspiracy, but was instructed on felony murder, express malice, and the felony-murder special circumstance. These instructions informed the jury that to prove the crime of murder, the prosecution was required to prove, "1. A human being was killed; [¶] 2. The killing was unlawful; [¶] and 3. The killing was done with malice aforethought or occurred during the commission or attempted commission of a robbery." (CALJIC No. 8.10.) The jury was further instructed on malice aforethought and felony murder based on robbery. (CALJIC Nos. 8.11, 8.21.) Importantly, those jury instructions included the special circumstance instruction that stated, "If you find the defendant in this case guilty of murder of the first degree, you must then determine if the following special circumstance allegation is – the murder of [B.B.] was committed by the defendant while said defendant was engaged in the commission of the crime of robbery (Penal Code [§ 1920.2 (a)(17)]) – is true or not" (CALJIC No. 8.80.) The People asserted the jury instructions demonstrated defendant was convicted of felony murder as the actual killer.

In 2024, the trial court held a hearing on the 1172.6 petition at which defendant appeared by video conference. The trial court then issued a written decision finding defendant ineligible for relief as a matter of law. The trial court found based upon the jury instructions given it was not possible for the jury to find him guilty of murder and to find the special circumstance and enhancement allegations true without finding he was the actual killer. Therefore, defendant was ineligible for resentencing.

Defendant filed a timely notice of appeal.

## DISCUSSION

Because defendant appeals from a postconviction ruling, the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 do not apply. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 226, 231.) But when a defendant files a supplemental brief in a postconviction appeal where appointed counsel finds no arguable issues, we must "evaluate the specific arguments presented in that brief," but need not conduct an independent review of the entire record. (*Id.* at pp. 231-232.)

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1172.6 to the Penal Code.

Senate Bill No. 1437 amended the felony-murder rule by adding section 189, subdivision (e). (*People v. Harden* (2022) 81 Cal.App.5th 45, 50-51; see *People v. Strong* (2022) 13 Cal.5th 698, 707-708.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also "amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3), added by Stats. 2018, ch. 1015, § 2.)" (*People v. Harden, supra*, 81 Cal.App.5th at p. 51.) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left "personally possessing malice aforethought a necessary element of murder." (*People v. Gentile* (2020) 10 Cal.5th 830, 846.)

A trial court may deny a petition for relief under section 1172.6 at the prima facie stage where the record of conviction establishes that the petitioner is ineligible for relief. (*People v. Strong, supra*, 13 Cal.5th 698, 708.) The record of conviction includes the instructions given to the jury and the jury's verdicts. *(People v. Harden, supra*, 81 Cal.App.5th at pp. 50, 52-56; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.) As relevant here, if the record of conviction establishes that a petitioner, convicted of felony murder, is the actual killer, the petitioner is ineligible for relief as a matter of law. (§ 189, subd. (e)(1).)

Here, the jury was instructed that to find the robbery-murder special circumstance allegation true, it had to find defendant was the actual killer. Its verdict finding defendant guilty of murder and this special circumstance true therefore establishes as a matter of law defendant was the actual killer and not eligible for resentencing. (*People v. Harden, supra*, 81 Cal.App.5th 45, 54-55.)

Defendant's supplemental brief raises no issue related to the trial court's denial of his section 1172.6 petition. Rather his supplemental brief argues the district attorney originally filed false charges against him because the lineup process used by the police was tainted and he was factually innocent of the crimes. He contends his trial counsel rendered ineffective assistance because he knew the identification was improper and did nothing about it. Defendant further claims the trial judge discriminated against him based

6

on race and refused to dismiss enhancements based on his prior prison terms. Finally, he raises instructional errors from his original trial related to the issues the jury could consider about his sentencing.

Defendant thus attempts to retry his original trial by challenging the identification, asserting he is factually innocent, raising issues with the jury instructions, and asserting his trial counsel was ineffective. These arguments are not cognizable on appeal from the denial of his section 1172.6 petition. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error . . . . The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) In other words, appealable claims are limited to the scope of the 1172.6 petition, and none of these claims fall within the scope of this petition.

Defendant's other arguments related to discrimination and the striking of enhancements based on his prior prison terms similarly fall outside the scope of review of the denial of his motion for resentencing under section 1172.6. To be eligible for relief under section 1172.6, defendant must show he can no longer be convicted of attempted murder, "because of changes to Section 188 or 189 made effective [by Senate Bill No. 1437]." (§ 1172.6, subd. (a)(3).) Defendant cannot make that showing as to these other claims, because neither Senate Bill No. 1437 nor Senate Bill No. 775 (2021-2022 Reg. Sess.) made any changes related to racial bias or the dismissal of enhancements based on his prior prison terms. These claims are not properly the subject of this appeal.

# DISPOSITION

The trial court's order denying the petition is affirmed.

<pre>
                                        /s/
                                        MESIWALA, J.
</pre>

We concur:

<pre>
 /s/
DUARTE, Acting P. J.
</pre>

<pre>
 /s/
RENNER, J.
</pre>